JS 44 (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

JOHNATHAN SPINKS

## DEFENDANTS

FEDEX NATIONAL LTL

**(b)** County of Residence of First Listed Plaintiff  ALAMEDA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

DOROTHY D. GUILLORY, ATTORNEY AT LAW, CSBN 114891
1271 Washington Avenue, #380
San Leandro, CA  94577

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | [ ] 900Appeal of Fee |
| [ ] 290 All Other Real Property | [x] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus — | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ADA,  ERISA, FMLA   (42 USC 12101, 29 USC 1001, 29 USC 2654)
Brief description of cause:
Failure to accommodate, retaliation, employment termination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ According to proof
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
May 8, 2008

SIGNATURE OF ATTORNEY OF RECORD
Dorothy Guillory



1  DOROTHY D. GUILLORY
   Attorney at Law, CSBN 114891
2  1271 Washington Avenue, #380
   San Leandro, CA 94577
3  (510) 639-2959
   Fax: (510) 639-2961
4

5  Attorney for Plaintiff
   REV. WILL HARDEMAN    Johnathan Spinks
6

7

8                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
9

10                                          Case No. C08-02404    TEH
   JOHNATHAN SPINKS,
11
        Plaintiff,                          COMPLAINT FOR DAMAGES,
12                                          DECLARATORY AND INJUNCTIVE
   v.                                       RELIEF, FOR VIOLATIONS OF THE
13                                          AMERICANS WITH DISABILITIES ACT,
   FEDEX NATIONAL LTL,                      ERISA, FMLA, FEHA, CALIFORNIA
14                                          LABOR CODE, WRONGFUL DISCHARGE

15      Defendant.                          JURY TRIAL DEMANDED

16

17

18 Plaintiff Johnathan Spinks alleges as follows:

19                            **PARTIES**

20      1.    Plaintiff Johnathan Spinks (hereafter "Spinks") is a 25-year-old male who resides

21 in San Leandro, California, in the Northern District.

22      2.    Defendant FEDEX National LTL "(FEDEX")" is a commercial freight pickup

23 and delivery company located and doing business in San Leandro, California, in the Northern

24 District. At all times herein mentioned, FEDEX had in effect a benefits plan which included

25 vacation, sick, personal and family and disability benefits.

26                     **JURISDICTION AND VENUE**

27      3.    The Court has jurisdiction over this matter under the Americans With Disabilities

28 Compl., p. 1

Act ("ADA"), 42 U.S.C. section 12101 et seq., and 29 C.F.R., Part 1630 et seq; the Employee Retirement and Income Security Act ("ERISA"), 29 USC section 1001 et seq.; the Family and Medical Leave Act of 1993 ("FMLA"), 29 USC 2654, 29 CFR Part 825.

## FACTS COMMON TO ALL CAUSES OF ACTION

4.    Spinks worked for FEDEX's predecessor, Watkins Associated Industries, Inc. ("Watkins") as a non-union Dock worker from approximately June 13, 2005, to June 1, 2006. Spinks' duties were essentially unloading freight off of out-bound and in-bound FEDEX trucks by hand and with a forklift.

5.    Spinks worked approximately 32 hours per week for Watkins and was an hourly employee.  He performed his work satisfactorily and received pay increases from $13.00 per hour to $15.00 per hour.  Watkins offered and Spinks received medical, sick, vacation, dental and disability leave benefits.

6.    While working for Watkins, Spinks' superiors made sure that he received a ten minute break in the morning, a 30-minute lunch, and a ten-minute break in the afternoon.

7.    On or about June 1, 2006, FEDEX bought out Watkins, and retained Spinks as a non-union employee.  FEDEX offered and Spinks received medical, sick, vacation, personal and family leave, dental and disability leave benefits.

8.    Work conditions changed under FEDEX.  Plaintiff's hourly rate was reduced from $15.00 per hour to approximately $14.85 per hour.  Corresponding with a reduction in Spinks' pay was an increase in his workload.  Plaintiff's supervisors required him to frequently work 14-hour days, without breaks or lunch periods.

9.    The increased workload resulted from an increase in truck driver's work.  Many of the truck drivers with Commercial Class C licenses previously working for Watkins quit when FEDEX reduced their hourly pay and refused to pay them anything close to union scale.  Instead of replacing the truck drivers with qualified drivers with Class C commercial licenses, FEDEX obtained contracted labor with Class B licenses.  The contract workers refused to load their trucks like the regular truck drivers, and their trucks were too small to handle the freight loads.

Compl., p. 2

Consequently FEDEX used Dock Workers, including Spinks, to work out of class and perform the job duties and responsibilities previously performed by truck drivers. Under FEDEX, Spinks' superiors frequently required him to work 14-hour days, performing out-of-class work, many times with no lunch or other breaks.

10.    A supervisor named Mago demanded long hours of Spinks, without commensurate compensation or the breaks required by law. Mago's superior was the Dock Supervisor, Cleo Jackson.

10.    Because FEDEX was working Spinks so many hours without the required breaks, he frequently became fatigued on the job, and was concerned about safety issues. Beginning in about August, 2006, Spinks complained to his immediate supervisor, Mago, about having to work the long hours without breaks. In retaliation against Spinks, Mago assigned him to paint and clean up the facility, which was not part of Spinks duties and responsibilities, in addition to performing the work of the truck drivers.

11.    On one occasion on or about August, 2006, Spinks had worked about 14 hours, and told Mago that he wanted to leave because he was tired. Mago got extremely angry and retorted "You leave when I tell you to leave. When I ask you to do something, say 'Sir." In light of Mago's response, Spinks had no choice but to continue to work more than 14 hours. Spinks complained to Cleo Jackson about having to work long hours without breaks, and Mago's attitude, without result. These working conditions continued up until October, 2006.

12.    On or about October 29, 2006, after Spinks commented to Jackson and Mago about the long hours without breaks, Jackson told Spinks he was suspended and ordered him to to clock out and leave. Spinks asserts that he was told to leave in retaliation for commenting on the work conditions. Spinks never received anything in writing concerning why he was suspended.

13.    From October 29, 2006, to November 11, 2006, Spinks called Mago and Jackson every single work day, inquiring about when he would be called back to work, or when he might have a hearing on his suspension. He received no response from either Jackson or Mago.

Compl., p. 3

14.    On November 11, 2006, Spinks was involved in a very serious motorcycle accident which broke his hip, and resulted in a permanent condition affecting one of his hips and legs. The condition affects his mobility, but he is able to work with some accommodation.

15.    On very next day after this accident, Spinks' mother, Lorene Davis, notified FEDEX that Spinks was hospitalized, and requested information concerning sick, personal, family or disability leaves to which Spinks was entitled. Receiving no response from the regional office, on November 19, 2006, Ms. Davis sent an e-mail to Tosha Owens in the National FEDEX office, requesting on Spinks' behalf, sick, personal or vacation time or family leave for him, and notifying FEDEX that she completed the disability claim paperwork. She received no response from FEDEX. MSW Sharmila Grant at Highland Hospital also sent a letter to the attention of Cleo Jackson at FEDEX, notifying him of Spinks' hospitalization, and inviting him to contact her. Neither Jackson nor anyone at FEDEX ever contacted Ms. Grant.

16.    On November 21, 2006, Jay Gallagher, the new terminal Manager for FEDEX called Spinks and told him that he was terminated effective November 21, 2006, for not showing up for work on October 30, 2006. This was false, as Spinks had repeatedly called in on October 30, 2006, asking Mago and Jackson when he was to report to work. Spinks asserts that he was fired in retaliation for complaining about FEDEX's violation of labor laws, and so that FEDEX could avoid having to accommodate Spink's disability, and so that FEDEX would not have to give Spinks the benefits to which he was entitled under ERISA.

17.    On November 28, 2006, Spinks sent a certified letter to Jay Gallagher, asking him to state in writing why Spinks was terminated from his employment. Spinks received no response to his letter.

17.    Spinks has suffered loss of wages and the value of benefits, financial hardship, severe and extreme emotional distress as a result of FEDEX' actions.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT,
### and the FAIR EMPLOYMENT AND HOUSING ACT

18.    Spinks incorporates by reference as though fully set forth the allegations of

Compl., p. 4

paragraphs 1-17.

19.   Spinks is an individual with a physical disability which limits one or more major life activities, or is regarded as having an impairment which affects his walking, running, and moving.

20.   Spinks is a qualified employee with a disability who, with or without reasonable accommodation, can perform the essential functions of the job in question if the existing facilities are made readily accessible to and usable by him, through job restructuring, modifying work schedules, reassignment to a vacant position, acquiring or modifying equipment or devices, adjusting or modifying policies. This accommodation would not create an undue hardship for FEDEX.

21.   FEDEX denied Spinks reasonable accommodation, and retaliated against Spinks by depriving him of the opportunity to request reasonable accommodation in violation of the ADA and FEHA, causing damages to Spinks.

### SECOND FEDERAL CAUSE OF ACTION
### VIOLATION OF ERISA

22.   Spinks incorporates by reference as though fully set forth the allegations of paragraphs 1-17.

23.   In engaging the conduct alleged in this complaint, FEDEX violated the provisions of ERISA and Spinks was damaged thereby.

### THIRD FEDERAL CAUSE OF ACTION
### VIOLATION OF FMLA

24.   Spinks incorporates by reference as though fully set forth the alegations of paragraphs 1-17.

25.   In engaging the conduct alleged in this complaint, FEDEX violated the provisions of the FMLA and Spinks was damaged thereby.

Compl., p. 5

## FOURTH STATE CAUSE OF ACTION
### VIOLATION OF CALIFORNIA LABOR CODE

26.    Spinks incorporates by reference as though fully set forth the allegations

of paragraphs 1-17.

27.    In engaging the conduct alleged in this complaint, FEDEX maliciously and

fraudulently violated the provisions of the California Labor Code wage and hour laws and Spinks

was damaged thereby.

## FIFTH STATE CAUSE OF ACTION
### WRONGFUL DISCHARGE

28.    Spinks incorporates by reference as though fully set forth the allegations

of paragraphs 1-17.

29.    In engaging the conduct alleged in this complaint, FEDEX wrongfully discharged

Spinks with malicious and fraudulent intent, and Spinks was damaged thereby.

Wherefore, Spinks prays for:

1.    Compensatory damages according to proof;
2.    Statutory damages;
3.    Punitive damages according to proof;
4.    Statutory Attorney Fees and Costs;
5.    Such other relief as the Court deems proper.

Dated: May 8, 2008

DOROTHY D. GUILLORY
Attorney for Plaintiff Johnathan Spinks

Compl., p. 6