1

DOROTHY D. GUILLORY
Attorney at Law, CSBN 114891

2

1271 Washington Avenue, #380
San Leandro, CA  94577

3

(510) 557-1185
Fax:  (510) 568-4207

4

5

Attorney for Plaintiff
Johnathan Spinks

6

7

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9

10

JOHNATHAN SPINKS,                          Case No.:  C-08-02404 (VRW)

11

    Plaintiff,                                PLAINTIFF'S SEPARATE CASE

12

v.                                                         MANAGEMENT CONFERENCE
STATEMENT

13

FEDEX NATIONAL LTL,

14

    Defendant.                           Date:  August 28, 2008
Time: 3:30 p.m.

15

Place:  Courtroom 6, 17th Floor

_____/          Hon. Vaughn R. Walker

16

17

**1.       Jurisdiction and Service**:

18

    The Court has jurisdiction over this matter under the Americans With Disabilities Act

19

("ADA"), 42 USC sections 12101 et seq. and 29 CFR, Part 1630 et seq;, the Employee

20

Retirement and Income Security Act ("ERISA"), 29 USC section 1001 et seq;, and the Family

21

and Medical Leave Act ("FMLA"), 29 USC 2654, and 29 CFR Part 825.

22

    Since the filing of the complaint, Plaintiff's counsel has learned that FedEx National LTL

23

(FedEx LTL) is an out-of-state corporation, with its corporate headquarters in Memphis,

24

Tennessee, and a regional office in Lakeland, Florida.   It is unclear at this point whether

25

Defendant may contend that there are issues regarding personal jurisdiction or venue.

26

27

Pl. CMCS, p. 1

28

1    Defendant Fedex LTL has not yet been served, but Plaintiff expects to effect service within 30

2    days.  Service has been delayed for the following reasons.  FedEx' operations located at 549

3    Montague, San Leandro, California (Plaintiff's former work location) refused to accept service of

4    the complaint, contending that its corporate headquarters has to be served in Memphis,

5    Tennessee.  Plaintiff's counsel sent a waiver of service form, along with the summons and

6    complaint to the corporate headquarters in Memphis, Tennessee and to the regional office in

7    Lakeland, Florida with no return thus far.  Plaintiff's counsel has also sent a waiver of summons,

8    along with the summons and complaint to CT Corporation System, FedEx LTL's agent for

9    service of process in California, and is awaiting a return.  CT Corporation System is located in

10   Hartford, Connecticut.

11        Plaintiff expects to receive a return from CT Corporation by September 22, 2008.

12   **2.        Chronology of the facts and a statement of the principal factual issues in dispute.**

13        Plaintiff worked as an hourly employee in a non-union shop unloading freight for a

14   subsidiary of Watkins Motor Lines at 549 Montague, San Leandro, California from June 13,

15   2005, to June, 1, 2006.  He had no problems while working for Watkins, and received

16   satisfactory appraisals and pay increases.  His superiors at Watkins observed wage and hours

17   laws, giving him morning and afternoon breaks, a lunch period, and a workload that was not

18   onerous.

19        In June, 2006, FedEx acquired Watkins.  After the acquisition, working conditions

20   changed, with FedEx essentially ignoring wage and hour laws.  FedEx required Spinks to work

21   out of class, frequently without breaks, for long hours past his shift.  Plaintiff Spinks, concerned

22   about fatigue and his safety, complained to his superiors about the long hours and absence of

Pl. CMCS, p. 2

1   breaks.

2        In retaliation against Plaintiff Spinks, FedEx ordered him not to clock in and to leave the

3   premises until further notice on October 29, 2006.  Plaintiff never received anything in writing

4

5   from FedEx about his presumed suspension, but called his superiors almost daily about when he

6   would be called back to work.   His superiors did not respond.

7        On November 11, 2006, Spinks was injured in a non-work-related motorcycle accident,

8   was hospitalized and underwent a 6-month period of disability.  On the day after his accident,

9

10  Spinks' mother notified FedEx at both the local and regional offices of Spinks' accident and

11  disability, and formally requested sick, personal, family or disability leaves to which he was

12  entitled.  A hospital Social Worker also called FedEx at the work site and notified FedEx of

13  Spinks' hospitalization.  Instead of granting leave time, FedEx terminated Spinks' employment

14  on November 21, 2006, claiming that he allegedly did not show up for work on October 30,

15  2006.  Spinks lost wages, the value of his benefits, and suffered severe emotional distress and

16

17  economic hardship.

18       The **factual issues in dispute** are as follows:

19       - Whether FedEx failed to observe California wage and hour laws in assigning Spinks

20       work;

21
22       -  Whether Spinks complained about his working conditions;

23       -  Whether on October 29, 2006, Spinks was directed by his superiors not to clock in until

24       further notice;

25       - Whether Spinks called his superiors from October 29, 2006, to November 10,

26       2006, inquiring about returning to work;

27

Pl. CMCS, p. 3

28

- Whether FedEx directed Spinks to return to work on October 30, 2006;

- Whether Spinks' mother notified his work location, and the regional office of

of his accident and hospitalization;

- Whether the Social Worker at Highland Hospital notified FedEx of his

hospitalization;

- Whether FedEx failed to give Spinks sick and disability benefits to which he was

entitled;

- Whether FedEx failed to give Spinks family and medical leave to which he was

entitled;

- Whether FedEx terminated Spinks because of his disability or because of his perceived

disability;

- Whether FedEx terminated Spinks to avoid granting him benefits to which he was

entitled;

- Whether FedEx terminated Spinks in retaliation for his complaints about work

conditions.

- Whether Spinks suffered compensatory damages.

**3.    Legal Issues:**

- Whether FedEx violated the ADA with respect to its treatment of Spinks.

- Whether FedEx violated the California Fair Employment and Housing Act
with respect to its treatment of Spinks;

- Whether FedEx violated ERISA with respect to its treatment of Spinks;

- Whether FedEx violated the FMLA with respect to its treatment of
Spinks;

Pl. CMCS, p. 4

1

2
- Whether FedEx violated California Labor Laws with respect to its treatment
   of Spinks;

3
- Whether FedEx wrongfully discharged Spinks.

4
**4.     Disputed points of law.**

5

6
Defendant has not yet appeared in this action, but it is anticipated that all Counts in the

7
complaint, as set forth in No. 3 above, will be disputed.  Plaintiff will update this case

8
management statement to include disputed points of law and authorities at the proper time.

9
**5.     Motions:**

10
There are no prior or pending motions at this time.

11

12
**6.     Amendment of Pleadings**:

13
Plaintiff plans to amend the complaint to correct Mr. Spinks' name, age, and other

14
relevant facts before a responsive pleading is filed.  Plaintiff plans to file the amendment by

15
September 1, 2008.

16
**7.     Evidence Preservation:**

17

18
Plaintiff is preserving all documentary evidence in this case.

19
**8.     Disclosures:**

20
Defendant has not appeared, so disclosures have not taken place.

21
**9.     Discovery:**

22
No discovery has taken place.  A proposed discovery plan pursuant to Fed. R. Civ. P.

23

24
26(f) will be developed with the input of FedEx once it has appeared.

25
**10.     Related Cases:**

26
No related cases or proceedings pending.

27

28
Pl. CMCS, p. 5

**11.     Relief**:

Plaintiff seeks compensatory damages, statutory damages, punitive damages according to proof, and statutory attorney fees.

**12.     Settlement and ADR:**

Plaintiff is amenable to mediation of this case.  There have been no ADR efforts to date because Defendant has not yet appeared.

**13.     Consent to Magistrate Judge For All Purposes**:

Plaintiff consents to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References**:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues:**

Should be reserved until FedEx is in the case.

**16.     Expedited Schedule:**

Decision should be reserved until FedEx has appeared in the case.

**17.     Scheduling**:

Premature and should be reserved until FedEx has appeared in the case.

**18.     Trial:**

Plaintiff requests a jury trial.

**19.     Disclosure of Non-party Interested Entities or Persons:**

Plaintiff will be filing the "Certification of Interested Entities or Persons" required by

1  Civil Local Rule 3-16, and states in this case management statement that Plaintiff and his

2  Counsel have not identified any persons, firms, partnerships, corporations (including parent

3  corporations) or other entities known by the party to have either:  (i) a financial interest in the

4  subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that

5  could be substantially affected by the outcome of the proceeding.

6

7  20.      **Other Matters:**

8          None.

9  Dated:  August 21, 2008

10

11                                  /s/ Dorothy D. Guillory

12                         _____

13                                  DOROTHY D. GUILLORY
                            Attorney for Plaintiff Johnathan Spinks
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Pl. CMCS, p. 7